23646

LOYOLA FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant
v. SOUTH CAROLINA TAX COMMISSION; Johnny C. Allen as
Treasurer of Horry County, South Carolina; and Betty Jo Huggins, as
Register of Mesne Conveyances of Horry County, South Carolina,
Respondents.

(417 S.E. (2d) 583)

Supreme Court

*Gene V. Pruet, Edwin H. Cooper, III* and *Henry W. Brown,* all of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for appellant.*

*John P. Henry* and *Emma Ruth Brittain,* both of *Thompson, Henry, Gwin, Brittain & Stevens,* Conway, *for respondent,* Horry County.

Heard March 11, 1992.

Decided April 27, 1992.

HARWELL, Chief Justice:

This is a suit for refund of documentary stamp taxes paid under protest. Appellant Loyola Federal Savings and Loan Association (Loyola) asserts that the master-in-equity committed various errors. We affirm in part and reverse in part.

## I. FACTS

Loyola commenced an action in 1988 to foreclose loans secured by a condominium hotel in Myrtle Beach. The master-in-equity issued a decree of foreclosure in November 1989 and ordered the condominium hotel sold at public auction. Loyola was the successful bidder, and the master-in-equity consequently issued a master's deed conveying title to Loyola.

The controversy before this Court arose when Loyola presented the master's deed for recordation at the office of the Register of Mesne Conveyances for Horry County (RMC). An employee of the RMC informed Loyola that it would have to pay State and county documentary stamp taxes before the master's deed could be recorded. Loyola paid, under written protest, documentary stamp taxes in the amount of $34,670.00. Loyola then instituted this action to recover the documentary stamp taxes on the ground that, among other things, imposing a documentary stamp tax on a master's deed constituted a tax on the judiciary in contravention of Article I, § 8 of the South Carolina Constitution.[1]

---

[1] Article I, § 8 of the South Carolina Constitution provides for the separation of legislative, executive, and judicial powers of the government.

The master-in-equity who heard the refund action ruled that the documentary stamp taxes imposed on the master's deed were lawfully assessed, and denied Loyola's request for a refund.

## II. DISCUSSION

Loyola first asserts that the master-in-equity erred in holding that Loyola is estopped or barred from bringing this tax refund action because it failed to appeal the decree of foreclosure. We agree.

The decree of foreclosure contained a provision ordering the purchaser to pay for deed stamps and for the cost of recording the deed. The master-in-equity who heard the refund action found that Loyola accepted the terms of sale by bidding on the property and thus was estopped from collaterally attacking the terms of sale by paying documentary stamp taxes under protest and instituting an action for recovery of those taxes.

When a taxpayer conceives that taxes are unjust or illegal for any cause, he may pay taxes under protest in writing. S.C. Code Ann. § 12-47-210 (1976). He then must bring a suit for recovery of taxes allegedly wrongfully levied within thirty days after making payment under protest. *Id.* § 12-47-220. This remedy is exclusive. *Id.* § 12-47-50. Accordingly, we hold that the master-in-equity erred in finding that Loyola is estopped or barred from bringing this tax refund action because it failed to appeal the decree of foreclosure.

The master-in-equity nevertheless reached the merits of this action. Loyola asserts that the master-in-equity erred in finding that documentary stamp taxes may be imposed on a master's deed prepared pursuant to a foreclosure action. We disagree.

A documentary stamp tax is a tax levied in relation to an act done within the State in making an instrument. *Investors Premium Corp. v. South Carolina Tax Commission*, 260 S.C. 13, 193 S.E. (2d) 642 (1973). The legislature has provided that:

> [t]here shall be levied, collected and paid for and in respect of the several bonds, debentures or certificates of stock and indebtedness and other documents, instruments, matters and things mentioned and described in §§

12-21-330, 12-21-340, and §§ 12-21-360 to 12-21-390 or for or in respect of the vellum, parchment or paper upon which such instrument, matter or thing, or any of them, are written or printed by any person who makes, signs, issues, sells, removes, consigns or ships them or for whose benefit or use they are made, signed, issued, sold, removed, consigned or shipped the several taxes specified in said sections.

S.C. Code Ann. § 12-21-310 (1976). Liability for documentary stamp taxes ordinarily will fall upon the person who makes, signs, or issues an instrument. *See South Carolina Electric & Gas Co. v. Pinckney,* 217 S.C. 407, 60 S.E. (2d) 851 (1950). Loyola contends that a master-in-equity is liable for documentary stamp taxes as the person who makes, signs, or issues master's deeds. Thus, according to Loyola, State and county assessment of documentary stamp taxes on master's deeds operates to impose an illegal tax upon the judiciary.

To resolve this issue, we have reviewed the statutory provisions authorizing the imposition of documentary stamp taxes on deeds by State and county governments in order to determine whether a master-in-equity is liable for payment of documentary stamp taxes when he executes a master's deed. State authority to collect documentary stamp taxes specifically on deeds derives from S.C. Code Ann. § 12-21-380 (Supp. 1991):

A deed, instrument, or writing whereby any lands, tenements, or other realty sold is granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or any other person by his direction when the consideration or value of the interest or property conveyed exclusive of the value of any lien or encumbrance remaining thereon at the time of sale exceeds one hundred dollars and does not exceed five hundred dollars must be taxed one dollar and ten cents and for each additional five hundred dollars, or fractional part thereof, one dollar and ten cents. . . .

County authority to assess documentary stamp taxes specifically on deeds stems from S.C. Ann. § 12-25-10 (1976):

> Whenever a deed, instrument or writing whereby any land, tenement or other realty sold shall be granted, assigned, transferred or otherwise conveyed to or vested in and recorded in any county, the purchaser or any other person by his direction when the consideration or value of the interest or property conveyed exclusive of the value of any lien or encumbrance remaining thereon at the time of sale exceeds one hundred dollars and does not exceed five hundred dollars shall be taxed fifty-five cents and for each additional five hundred dollars, or fractional part thereof, fifty-five cents.

The county documentary stamp tax is assessed in addition to State documentary stamp tax, and is subject to the same exemptions as sections 12-21-380. *Id.* § 12-25-50.

In construing statutory language, the statute must be read as a whole, and sections which are part of the same general statutory law of the State must be construed together and each one given effect, if it can be done by any reasonable construction. *Smalls v. Weed*, 293 S.C. 364, 360 S.E. (2d) 531 (Ct. App. 1987). A complete reading of section 12-21-310 indicates that the legislature contemplated that persons "for whose benefit or use [an instrument] is made" could be liable for payment of documentary stamp taxes. We find that sections 12-21-380 and 12-25-10 place primary liability for payment of documentary stamp taxes on the purchaser of real property, who is the person for whose benefit or use a deed is made. Thus, a master-in-equity who issues a master's deed possesses no liability for payment of documentary stamp tax. There being no illegal tax imposed on the judiciary, we hold that the master-in-equity did not err in finding that documentary stamp taxes may be imposed on a master's deed issued pursuant to a foreclosure action.

The order of the master-in-equity is

Affirmed in part and reversed in part.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.